## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, | |
| v. | **Criminal No. 03-390 (JDB)**<br>**Civil Action No. 05-508 (JDB)** |
| Antoine Hawkins, | |
| Defendant. | |

## ORDER

This case is before the Court on defendant Antoine Hawkins' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant argues that his plea of guilty and sentence should be set aside for three reasons: the sentence is unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), he was denied the right to the effective assistance of counsel, and his plea was not voluntary and knowing. For the reasons set out below, this Court concludes that defendant's motion should be denied.

## BACKGROUND

On May 20, 2003, police officers executed a search warrant at a house in Northwest Washington, D.C. Upon entering one of the bedrooms in the house, they discovered defendant Antoine Hawkins sitting on the bed with his hands in the air, and a female on the bed and under the covers. The officers searched the bedroom and found a loaded 9 millimeter Smith and Wesson handgun under the mattress of the bed. Elsewhere in the house, the officers discovered a .45 caliber semiautomatic handgun, a loaded 9 millimeter semi-automatic handgun, ammunition,



green weed substance, and electronic scales.  The green weed substance tested positive for THC,

the main active ingredient in marijuana.  Defendant confided to the officers that the house was his

residence.  The officers placed defendant under arrest.

On September 8, 2003, a one-count information was returned against defendant charging

that he

> did unlawfully and knowingly use, and carry during and in relation to, and possess
> in furtherance of, a drug trafficking offense, that is, Possession With Intent to
> Distribute Marijuana, firearms, that is, a 9 millimeter Smith & Wesson handgun, a
> .45 caliber Glock semi-automatic handgun, and a 9 millimeter semi-automatic
> Ruger handgun and ammunition,

in violation of 18 U.S.C. § 924(c)(1)(A)(I).[1]  On September 22, 2003, defendant pled guilty to this

offense in accordance with a written plea agreement and a proffer of evidence.  In the proffer,

defendant acknowledged that the government would have been able to establish at trial that he

"knowingly and intentionally possessed the marijuana with the intent to distribute" and that he

"knowingly possessed" the three firearms in question "in furtherance of the possession of the

marijuana referred to in the previous paragraphs."  Proffer of Evidence at 2.  Defendant admitted

the same in his plea.

---

[1] That statute provides, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug
> trafficking crime (including a crime of violence or drug trafficking crime that
> provides for an enhanced punishment if committed by the use of a deadly or
> dangerous weapon or device) for which the person may be prosecuted in a court of
> the United States, uses or carries a firearm, or who, in furtherance of any such
> crime, possesses a firearm, shall, in addition to the punishment provided for such
> crime of violence or drug trafficking crime-- be sentenced to a term of
> imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(1).

On February 4, 2004, this Court entered judgment and sentenced defendant to sixty months in prison.[2] The Court determined the sentence based on an application of section 2K2.4(b) of the Sentencing Guidelines, which provides that the guidelines sentence for a conviction under 18 U.S.C. § 924(c) is the minimum imprisonment required by statute. The mandatory minimum statutory sentence for section 924(c)(1)(A)(I) is sixty months.

On March 14, 2005, the Court received defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[3] Defendant raises three arguments in the motion. He contends that he was denied his Sixth Amendment right to a jury trial in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), because a jury did not find beyond a reasonable doubt the facts relating to the elements of his offense; that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to advise him of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), and its implications for his case; and that he did not execute a willful and voluntary plea agreement because he was not aware of his rights and the relevant law when he signed the agreement. Defendant attaches an affidavit to his motion in which he states that his attorney did not advise him of his right to compel the government to prove each element of section 924(c)(1) to a jury beyond a reasonable doubt, to testify on his own behalf, to call witnesses on his behalf, and to select a jury of his peers, and that had his attorney advised him of the Bailey decision, he would not have waived his right to a jury trial.

---

[2] The Court also sentenced the defendant to three years of supervised release and an assessment of $100.

[3] The motion is dated February 1, 2005.

-3-

## ANALYSIS

A court may deny a section 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The decision whether to hold a hearing is committed to the district court's discretion, particularly when "the judge denying the § 2255 motion also presided over the trial in which the defendant claims to have been prejudiced." United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996); United States v. Pollard, 959 F.2d 1011, 1030 (D.C. Cir. 1992). Only where the section 2255 motion raises "detailed and specific factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection must a hearing be held." Pollard, 959 F.2d at 1030-31. Upon a careful review of the defendant's motion and the entire record of this criminal proceeding, as well as its own recollection of the relevant events in that proceeding, the Court concludes that a hearing is unnecessary and that the defendant's motion should be denied.

Defendant argues first that his sentence is invalid in light of Blakely because a jury did not find beyond a reasonable doubt that he possessed a firearm in furtherance of a drug trafficking crime (or used or carried a firearm during and in relation to a drug trafficking crime) under section 924(c)(1)(A)(I). This argument fails for two reasons. First, on the same day the Supreme Court decided Blakely, it issued a decision concluding that its earlier ruling in Ring v. Arizona, 536 U.S. 584 (2002) -- which required the existence of an aggravating factor making a defendant eligible for the death sentence to be proved to a jury rather than a judge -- did not apply retroactively to cases already final on direct review at the time Ring was decided. See Schriro v. Summerlin, 124 S. Ct. 2519 (2004). The Supreme Court explained that Ring was not a "watershed rule" deserving

of retroactive effect because "[w]hen so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. (emphasis in original). Every court of appeals and judge of this Court to consider the issue has held that the similar decision in Blakely also should not be given retroactive effect to apply to cases that were on direct review at the time it was handed down. See United States v. Stancell, 346 F. Supp. 2d 204, 206 (D.D.C. 2004) (listing cases). This Court agrees with the reasoning of these decisions. The sentence in this case was imposed on February 4, 2004. No appeal was taken from the sentence, and Blakely was not decided until several months later (on June 24, 2004). Therefore, Blakely can have no application here.

Second, while the Supreme Court stated in Blakely that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," the Court carved out an exception to this rule for cases where a sentence is imposed "on the basis of the facts . . . admitted by the defendant." Blakely, 124 S. Ct. at 2536-37 (quotation omitted). The Supreme Court recognized this common-sense exception again when it relied on Blakely to invalidate the mandatory application of the Sentencing Guidelines. See United States v. Booker, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant *or* proved to a jury beyond a reasonable doubt.") (emphasis added).[4]

---

[4] Defendant does not attack his sentence under Booker (a case that was decided three months before he filed his habeas petition). Even if the petition were read generously to assert a challenge to the use of the Guidelines under Booker, that argument would fail for two reasons. First, as with Blakely, courts have uniformly held that Booker does not apply retroactively on collateral review to sentences imposed before it was decided. See Lloyd v. United States, 407

This case rests squarely within this exception, for defendant admitted in a proffer of evidence and again during his plea that the government would have been able to prove beyond a reasonable doubt that he possessed the firearms in furtherance of a drug trafficking offense. Blakely does not allow defendant to retreat from that admission now. See United States v. Williams, No. 02-cr-290, 2005 WL 1484495, at *3 (D.D.C. June 22, 2005) ("[P]etitioner admitted during his plea that he had been in possession of more than thirty-five but less than fifty grams of cocaine base, which is the only enhancement upon which his sentence was based. As such, there were no facts that had to be found after the defendant entered his plea, so the principles enunciated in Blakely would not have applied.").[5]

Defendant's remaining two arguments fare no better. He contends that he was denied the effective assistance of counsel because he was not advised that the Supreme Court's decision in

_____

F.3d 608, 614 (3d Cir. 2005) ("Every federal court of appeals to have considered whether Booker's new rule constituted a 'watershed rule' that would satisfy Teague 's second exception has held that it does not and, thus, has held that Booker does not apply retroactively to cases on collateral review."). Second, the Sentencing Guidelines in this case require the Court to use the minimum sentence set out in the statute, and so the application of the Guidelines did not result in any discernible prejudice to the defendant. See U.S.S.G. § 2K2.4(b).

[5] Defendant also contends that the single count in the information was duplicitous and therefore unlawful. He argues that the information charged him with "unlawfully and knowingly us[ing], and carry[ing] during and in relation to, and possess[ing] in furtherance of, a drug trafficking offense," even though the use or carrying of a firearm during or in relation to a drug trafficking offense and the possession of a firearm in furtherance of a drug trafficking offense are two separate crimes. See United States v. Pleasant, 125 F. Supp. 2d 173, 183 (E.D. Va. 2000) (single count including both formulations of section 924(c)(1) charge is duplicitous and therefore invalid). The Court does not express an opinion on whether this argument is correct, for it is unavailable to defendant: he waived the argument when he entered into an unconditional plea of guilty in this case. See United States v. Moloney, 287 F.3d 236, 239 (2d Cir. 2002) ("A guilty plea waives any challenges to a duplicitous indictment."); United States v. Lampazianie, 251 F.3d 519, 525 (5th Cir. 2001) (declining to consider argument that indictment was duplicitous because "[i]n the absence of any reservation of conditions . . . a guilty plea constitutes a waiver of the right to challenge nonjurisdictional pretrial rulings on appeal").

Bailey v. United States, 116 S. Ct. 501 (1995), would have required the government to prove at

trial that he "actively employed" the firearms at issue in furtherance of a drug trafficking crime.

Such advice, however, would not have been an accurate description of the law.  The Supreme

Court in Bailey was considering an earlier version of section 924(c)(1)(A) that prohibited an

individual from "us[ing]" or "carr[ying]" a firearm "during and in relation to" a drug trafficking

offense.  Congress amended the statute in the wake of Bailey to add language that prohibits the

mere "possess[ion]" of a firearm "in furtherance of" a drug trafficking offense.  See Pub.L.

105-386, § 1(a), Nov. 13, 1998, 112 Stat. 3469.  Courts have held that this new language does not

require a showing of active employment.  See United States v. Ceballos-Torres, 218 F.3d 409,

412-413 (5th Cir. 2000); Finley v. United States, No. 02-6557, 2003 WL 22384791, at *7

(W.D.N.Y. Sept. 22, 2003).[6]  Thus, counsel actually would have done defendant a grave

disservice had he told him that the government would need to prove active employment to obtain

a conviction under section 924(c)(1)(A), for that was no longer the law at the time of the

proceedings in this case.

Defendant also alleges in a conclusory manner that counsel failed to inform him of other

aspects of the criminal proceeding:  for example, that he "had the right to testify in his own

behalf," "call witnesses [on] his behalf," and "cross examine any government witnesses."  Pet. at

5.  However, in his signed plea agreement, he stated that he understood that he was waiving these

rights.  And at a colloquy with the Court at the plea hearing, the defendant confirmed under oath

that he understood that he was forgoing the right to testify in his defense, call his own witnesses,

---

[6] As indicated earlier, defendant admitted in his proffer that the government would have been able to establish that he possessed the firearms in furtherance of the possession of the marijuana (with intent to distribute).

and confront and cross-examine witnesses for the government. It is therefore difficult to understand how he was harmed by counsel's alleged failure to tell him of the same. Even defendant does not claim that any of these alleged omissions prejudiced him in any way. He asserts only that he would have forgone a guilty plea had he been informed of an "active employment" rule, and as explained, there is no such rule for a "possession in furtherance" claim.

Moreover, in his plea agreement, defendant affirmed that he was satisfied with the legal services provided by his attorney in connection with the plea agreement. At the plea colloquy, defendant stated that he had sufficient time to consult with his counsel about the case, and that he and was satisfied with the services of his counsel. "These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of verity." United States v. Grewal, 825 F.2d 220, 223 (9th Cir. 1987). The Court itself did not observe any evidence that counsel was deficient in any way in the case. Upon a full review of defendant's papers and the record of this criminal proceeding, the Court does not perceive any basis for an ineffective assistance of counsel claim. Therefore, the Court denies defendant's motion on this ground as well.

Finally, without any elaboration, defendant asserts that his plea was involuntary because he did not understand the elements of section 924(c)(1) at the time he pled guilty, and because he never used or carried a firearm in accordance with the definition of the crime. However, as indicated, defendant's claim that he did not understand the elements of section 924(c)(1) seems to be based entirely on the assertion that he was not informed of an "active employment" requirement for a section 924(c)(1) offense that no longer exists. As for his assertion that the facts would not have supported a claim that he *used or carried* a firearm *during or in relation to* a drug

trafficking crime, the defendant admitted that the government would have been able to prove that

he *possessed* the firearm *in furtherance of a drug trafficking crime*, and this is all the government

would have needed to prove to convict him of the charged offense.[7] See <u>United States v. Ramos-

Rodriguez</u>, 136 F.3d 465, 468-69 (5th Cir. 1998) (rejecting claim that there existed an insufficient

factual basis for a plea where defendant admitted to the relevant facts in a "factual resume").

**CONCLUSION**

For the reasons stated above, defendants motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct his sentence is DENIED.

_/s/ John D. Bates_
JOHN D. BATES
United States District Judge

Date:     July 11, 2005

---

[7] The Court notes as well that the defendant admitted to facts in his proffer and plea that other courts have held can support a conviction under the "possession in furtherance" prong of section 924(c)(1)(A). See <u>Ceballos-Torres</u>, 218 F.3d at 412-13 (evidence that an illegal firearm was "loaded and easily accessible" in the defendant's apartment, where a "substantial amount of drugs and money" was also found, "reasonably support a finding that [the defendant's] gun protected his drugs and money against robbery" and that the defendant's possession of the firearm was "in furtherance" of the defendant's drug trafficking offense).

-9-

Copies to:

Antoine Hawkins
P.O. Box 1000
Cumberland Federal Prison
Cumberland, MD  21501
   *Defendant*

Shawn Franklin Moore
Federal Public Defender for D.C.
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500
Fax: (202) 501-3829
Email: shawn_moore@fd.org
   *Counsel for defendant*

Arvind Kumar Lal
United States Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Room 4122
Washington, DC 20009
(202) 353-8833
Fax: (202) 514-8707
Email: arvind.lal@usdoj.gov
   *Counsel for United States*